UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


CASE NO:


AGCS MARINE INSURANCE CO.,
as subrogee of and on behalf of
ELIZABETH ARDEN, INC.,

      Plaintiff,

vs.

HORIZON LINES, LLC, TRUCK LOGISTICS
SERVICES, INC., SUNTECK TRANSPORT
GROUP, INC., E-TRANSPORT GROUP, INC.
and TRUCKER JOHN DOE,

      Defendants.
_____/


**COMPLAINT**

The Plaintiff, AGCS MARINE INSURANCE CO. (hereinafter "AGCS"), as subrogee of

and on behalf of ELIZABETH ARDEN, INC. (hereinafter "ARDEN"), by and through its

undersigned counsel, hereby files its Complaint against the Defendants, HORIZON LINES, LLC

(hereinafter "HORIZON"), TRUCK LOGISTICS SERVICES, INC. (hereinafter "TRUCK

SERVICES"), SUNTECK TRANSPORT GROUP, INC. (hereinafter "SUNTECK"),

E-TRANSPORT GROUP, INC. (hereinafter "E-TRANSPORT") and TRUCKER JOHN DOE,

and states as follows:

      1.     This action arises out of the theft of a cargo of ARDEN products ("the goods"),

including but not limited to perfume and cosmetics, being trucked from ARDEN's Distribution

Center in Roanoke, Virginia to the Port of Jacksonville, Florida for ocean transport by HORIZON

to San Juan, Puerto Rico.

2.       The Court has jurisdiction pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. § 1300, *et seq.,* and has ancillary and pendent jurisdiction over related claims. Alternatively, or in addition to the foregoing, this action arises under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706 and the amount in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs and, therefore, this Court has original jurisdiction pursuant to 28 U.S.C. §1337.

3.       Venue is proper in the United States District Court for the Southern District of Florida as the Defendants are present and/or conducting business in the District.

4.       All conditions precedent to bringing this cause of action have been met.

5.       ARDEN is organized and existing under the laws of the State of Florida and, at all times material hereto, had a Global Headquarter in Miramar, Florida. ARDEN was the owner of the goods at issue herein and contracted with HORIZON to deliver the goods from ARDEN's distribution center in Roanoke, Virginia to the consignee, Elizabeth Arden (Puerto Rico), Inc. in San Juan, Puerto Rico.

6.       AGCS is an insurance entity incorporated and existing under the laws of the State of Illinois and, at all times material hereto, was the insurer of the goods at issue herein. AGCS brings this action as a subrogated insurer and on behalf of its Insured ARDEN for the loss of the goods at issue herein.

7.       HORIZON is a common carrier of goods, doing business in Florida, and was the carrier of the goods at issue. At all times material hereto, HORIZON arranged for TRUCK LOGISTICS and/or SUNTECK and/or E-TRANSPORT to transport the goods by motor carrier from ARDEN's distribution center in Roanoke, Virginia to the Port of Jacksonville in

Jacksonville, Florida.

8.      TRUCK LOGISTICS was a common carrier of goods, incorporated and doing business in the State of Florida, and at the request of HORIZON, provided trucking services to deliver the goods at issue from Roanoke, Virginia, to Jacksonville, Florida.

9.      SUNTECK is a common carrier of goods, incorporated and doing business in the State of Florida, and at the request of HORIZON, provided trucking services to deliver the goods at issue from Roanoke, Virginia, to Jacksonville, Florida.

10.     E-TRANSPORT is a common carrier of goods, incorporated and doing business in the State of Florida, and at the request of HORIZON, provided trucking services to deliver the goods at issue from Roanoke, Virginia, to Jacksonville, Florida.

11.     TRUCKER JOHN DOE is a common carrier of goods and, at the request of HORIZON, TRUCK LOGISTICS, SUNTECK or E-TRANSPORT, provided trucking services to deliver the goods at issue from Roanoke, Virginia, to Jacksonville, Florida.

12.     TRUCKING LOGISTICS and/or SUNTECK and/or E-TRANSPORT and/or TRUCKER JOHN DOE picked up Container No. SEAU871742-9 from ARDEN's distribution center in Roanoke, Virginia for delivery to the Port of Jacksonville, Florida.   On April 11, 2013, while en route to Jacksonville, Florida, the container and its contents were stolen from a parking lot in Kingsland, Georgia.

13.     HORIZON's Bill of Lading Terms mandate application of the Carriage of Goods by Sea Act (COGSA) to the carriage of goods between U.S. or non-U.S. ports or, as in this instance, before the goods are loaded on the vessel. Alternatively, or in addition to COGSA, the inter-state transport of the goods at issue is governed by the Carmack Amendment, 49 U.S.C. § 14706.

14.     Container No. SEAU871742-9 was never delivered to the Port of Jacksonville, Florida by the Defendants and, therefore, it was never delivered to the consignee, Elizabeth Arden (Puerto Rico), Inc. in San Juan, Puerto Rico.

15.     As a result of the theft of the goods while in the care, custody and control of HORIZON, TRUCK LOGISTICS, SUNTECK, E-TRANSPORT and/or TRUCKER JOHN DOE, the Plaintiff, AGCS/ARDEN, sustained damages in excess of $500,000.

## COUNT I
## BREACH OF CONTRACT OF CARRIAGE

16.     Plaintiff re-alleges paragraphs 1 through 15 above as if fully set forth herein and further alleges:

17.     HORIZON breached the contract of carriage by failing to deliver the cargo in the same good order and condition as when received by HORIZON.

18.     The loss occurred while the cargo was in the charge of the carrier HORIZON and was the result of HORIZON's failure to exercise due diligence in the care and custody of the cargo, failure to properly carry, keep, care for, discharge, store and deliver the cargo to the consignee.

19.     Plaintiff has been damaged as a result of the foregoing breach by HORIZON.

## COUNT II
## CLAIM AGAINST TRUCKING LOGISTICS
### (Carmack Amendment, Interstate Commerce Act, 49 U.S.C. § 14706)

20.     AGCS re-alleges and incorporates Paragraphs 1 through 15 above as if fully set forth herein.

21.     TRUCKING LOGISTICS received the cargo in Roanoke, Virginia and agreed to deliver the cargo to Jacksonville, Florida in the same good order and condition as when it was

received by TRUCKING LOGISTICS.

22.     The cargo was stolen and never delivered by TRUCKING LOGISTICS to the Port of Jacksonville in Jacksonville, Florida.

23.     TRUCKING LOGISTICS failed to deliver the cargo in the same good order and condition as when received and, as a result, AGCS and ARDEN sustained damages for the loss the goods.

## COUNT III
## CLAIM AGAINST SUNTECK
### (Carmack Amendment, Interstate Commerce Act, 49 U.S.C. § 14706)

24.     AGCS re-alleges and incorporates Paragraphs 1 through 15 as if fully set forth herein.

25.     SUNTECK received the cargo in Roanoke, Virginia and agreed to deliver the cargo to Jacksonville, Florida in the same good order and condition as when it was received by SUNTECK.

26.     The cargo was stolen and never delivered by SUNTECK to the Port of Jacksonville in Jacksonville, Florida.

27.     SUNTECK failed to deliver the cargo in the same good order and condition as when received and, as a result, AGCS and ARDEN sustained damages for the loss the goods.

## COUNT IV
## CLAIM AGAINST E-TRANSPORT
### (Carmack Amendment, Interstate Commerce Act, 49 U.S.C. § 14706)

28.     AGCS re-alleges and incorporates Paragraphs 1 through 15 as if fully set forth herein.

29.     E-TRANSPORT received the cargo in Roanoke, Virginia and agreed to deliver the

cargo to Jacksonville, Florida in the same good order and condition as when it was received by E-TRANSPORT.

30.     The cargo was stolen and never delivered by E-TRANSPORT to the Port of Jacksonville in Jacksonville, Florida.

31.     E-TRANSPORT failed to deliver the cargo in the same good order and condition as when received and, as a result, AGCS and ARDEN sustained damages for the loss the goods.

## COUNT V
## CLAIM AGAINST TRUCKER JOHN DOE
### (Carmack Amendment, Interstate Commerce Act, 49 U.S.C. § 14706)

32.     AGCS re-alleges and incorporates Paragraphs 1 through 15 as if fully set forth herein.

33.     TRUCKER JOHN DOE received the cargo in Roanoke, Virginia and agreed to deliver the cargo to Jacksonville, Florida in the same good order and condition as when it was received by TRUCKER JOHN DOE.

34.     The cargo was stolen and never delivered by TRUCKER JOHN DOE to the Port of Jacksonville in Jacksonville, Florida.

35.     TRUCKER JOHN DOE failed to deliver the cargo in the same good order and condition as when received and, as a result, Plaintiff sustained damages for the loss the goods.

WHEREFORE, the Plaintiff, AGCS MARINE INSURANCE CO., as subrogee of and on behalf of ELIZABETH ARDEN, INC., demands judgment against the Defendants, HORIZON LINES, LLC, TRUCK LOGISTICS SERVICES, INC., SUNTECK TRANSPORT GROUP, INC., E-TRANSPORT GROUP, INC. and TRUCKER JOHN DOE for damages for the loss of the

goods, together with pre-judgment interest, costs and such other relief as the Court deems just and

proper.

Dated:   April 9, 2014
         Miami, Florida

                                               Respectfully submitted,


                                                */s/ Jonathan W. Skipp* _
                                               JONATHAN W. SKIPP
                                               Florida Bar No. 710570
                                               jskipp@admiral-law.com
                                               HORR, NOVAK & SKIPP, P.A.
                                               Two Datran Center, Suite 1700
                                               9130 South Dadeland Boulevard
                                               Miami, FL 33156
                                               Telephone: (305) 670-2525
                                               Telefax:   (305) 670-2526
                                               **Attorneys for Plaintiff**

/129